# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM STAPLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-711-D |
| THE UNITED STATES OF AMERICA, et al., | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff William Staples, a federal inmate appearing *pro se* and *in forma pauperis*, brings this action under *Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights. (ECF No. 1). District Judge Timothy DeGiusti referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, the Court should: (1) dismiss, with prejudice, the claims against the United States of America, (2) dismiss, with prejudice, the official capacity claims against Defendants Samuel, Watts, and Gonzalez, (3) dismiss, without prejudice, the individual capacity claims against Defendants Samuel and Watts, (4) dismiss, with prejudice, any individual capacity claim against Defendant Gonzalez for injunctive relief, and (5) conclude that Plaintiff has stated a valid claim against Defendant Gonzalez, in his individual capacity, limited to the recovery of damages.

## I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II. FACTUAL BACKGROUND/PLAINTIFF'S ALLEGATIONS

On July 4, 2014, while being temporarily housed at the Federal Transfer Center in Oklahoma City, Mr. Staples alleges that he was sexually assaulted by Defendant Gonzalez, a correctional officer at the facility. (ECF Nos. 1: 8-11, 1-1:3). According to Plaintiff, Defendant Gonzalez entered Mr. Staples' room, twice poked the Plaintiff in the buttocks with Plaintiff's walking cane, banged a flashlight on Mr. Staples' bed several times, and then shined the light in Plaintiff's face. (ECF Nos. 1:11, 1-1:3).

In the lawsuit, Mr. Staples has alleged violations of the Eighth and Fourteenth Amendments and has named four Defendants: The United States of America, Dr. Charles Samuel, Jr., Harrell Watts, and Officer Gonzalez. (ECF Nos. 1:1, 4, 5, 7-8, 10, 11; 1-1:2, 3). As to the United States of America, Mr. Samuel, and Mr. Watts, Plaintiff believes he is entitled to relief because said Defendants failed to: (1) grant him the

relief he had requested in his administrative appeals and tort action[1] and (2) protect him from being sexually assaulted by Defendant Gonzalez.[2] (ECF Nos. 1:7-10, 1-1:4). Mr. Staples is suing Defendant Gonzalez for the sexual assault. (ECF Nos. 1:10-11, 1-1:3). Plaintiff has sued each Defendant both officially and individually and seeks injunctive and monetary relief. (ECF No. 1-1:2, 4-5).

### III. CLAIMS AGAINST THE UNITED STATES OF AMERICA

Mr. Staples has sued the federal government for: (1) failure to protect him against Defendant Gonzalez and (2) denial of an administrative grievance. The Tenth Circuit has held that the failure to protect inmates constitutes an Eighth Amendment violation if the prison official has "an obdurate and wanton disregard for the inmate's safety." See *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992). With the exception of claims arising under the Federal Tort Claims Act (FTCA), the federal government enjoys sovereign immunity. See *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) ("The governing law in this case, the FTCA, provides a limited waiver of the federal government's sovereign immunity."). But the FTCA does not cover constitutional claims. See *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that a person's "constitutional tort claim [was] not 'cognizable' under [28 U.S.C.] § 1346(b) because it [was] not actionable under § 1346(b)-that is, §1346(b)

---

[1] *See* ECF No. 1-1:3 ("All three Defendant(s) denied those administrative remedies"); ECF No. 1:7-10 (alleging that each Defendant "failed to grant me the [requested] relief . . .to terminate this Correctional Officer, to grant me in the Amount of $2 Million Dollars in compensatory damages, grant me in the amount of $2 Million in punitive damages and grant me in the amount of $200,000.00 in monetary damages for my pain and suffering.").

[2] *See* ECF No. 1:8-10, 1-1:4 (Mr. Staples' allegations that the three Defendants "failed to protect [him]" and "caused and contributed to this mental, and physical pain and anguish by allowing this Defendant Gonzalez, to do as he pleases.").

[did] not provide a cause of action for such a claim."). Because the United States of America is immune from civil liability except for claims arising under the FTCA, and the FTCA does not extend to constitutional claims, the Court lacks jurisdiction over Mr. Staples' claim against this Defendant for a failure to protect. Accordingly, the Court should dismiss this claim with prejudice.[3]

Mr. Staples has also sued the United States of America because it had allegedly denied him relief in an action under the FTCA. According to Mr. Staples, he "exhaust[ed] his administrative remedies by contacting Defendant United States of America, via Tort Claim," but was denied relief. (ECF No. 1-1:2-3).[4] The denial of Mr. Staples' FTCA claim bars this Court's review of the same claim here. *See Engle v. Mecke,* 24 F.3d 133, 135 (10th Cir. 1994) (28 U.S.C. § 2676 makes a final judgment on an FTCA claim preclusive against any *Bivens* action based on the same underlying complaint); *see also Farmer v. Perrill*, 275 F.3d 958, 960 (10th Cir 2001) ("Because [plaintiff] had earlier sustained an adverse judgment in an action brought by her under the Federal Tort Claims Act ("FTCA") and based on the same alleged conduct, the *Bivens* claims that are the subject of this appeal are barred by Section 2676."). As a result, the Court should dismiss this claim with prejudice.

---

[3] This Court has previously cautioned Mr. Staples regarding the lack of jurisdiction over constitutional claims against the federal government. *See* ECF Nos. 35, 37, 38, *Staples v. United States of America*, Case No. CIV-10-1007-C (W.D. Okla.).

[4] *See* ECF No. 1:8 ("Plaintiff appealed the assault and sexual assault to [the United States of America] . . . and this Defendant United States/Dept. Of Justice failed to grant me the relief.").

## IV. CLAIMS AGAINST DEFENDANTS SAMUEL AND WATTS

Mr. Staples seeks liability against Defendants Samuel and Watts, in their official and individual capacities, for: (1) denying grievances, and (2) failing to protect him from Mr. Gonzalez. (ECF Nos. 1:8-10, 1-1:2). The Court should dismiss the official capacity claims with prejudice and dismiss the individual capacity claims without prejudice.

### A. Official Capacity Claims

It is well settled that a plaintiff may not establish liability under *Bivens* against a federal official in his *official* capacity. Indeed, the Tenth Circuit has explained that "an official-capacity suit contradicts the very nature of a *Bivens* action" and that "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Instead, an action against a federal official in his official capacity is construed as an action against the United States. *Id.* But as discussed, 28 U.S.C. § 2676 bars any action against the United States which has been previously adjudicated under the FTCA. *See supra*. Accordingly, the Court should dismiss, with prejudice, any official capacity claim against Defendants Samuel and Watts.

### B. Individual Capacity Claims

The Court should also dismiss, without prejudice, the individual capacity claims against Defendants Samuel and Watts for failure to allege that either Defendant was personally involved in the alleged deprivations.

Following the alleged sexual assault, Mr. Staples sought administrative relief utilizing the BOP internal grievance procedure. (ECF No. 1-1:3). According to Mr. Staples, Defendants Samuel and Watts denied relief, and Plaintiff now seeks to hold them liable for the denial. *See* ECF No. 1-1 (alleging exhaustion "by contacting Defendant(s) Smauel [sic], Jr. and Watts via filing [BOP grievance forms]" and alleging that the "Defendant(s) denied those administrative remedies"); ECF No. 1:8, 10 (alleging that the Defendants had failed to grant him his requested relief).

But the "denial of a grievance alone does not constitute 'personal participation' in the denial of a constitutional right sufficient to support a *Bivens* claim." *Adams v. Wiley*, 398 F. App'x. 372, 375 (10th Cir. 2010). *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (holding "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under [42 U.S.C.] § 1983"); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009) (requiring personal participation to support *Bivens* claim). Here, Mr. Staples seeks to hold Defendants Samuel and Watts liable because they had denied Plaintiff relief following an administrative grievance and appeal(s) for the sexual assault. But Plaintiff does not allege that either Defendant had any knowledge of or personal involvement in the assault. As a result, the court should dismiss this claim, without prejudice.

The Court should also dismiss the claim against Defendants Samuel and Watts based on a failure to protect. To be sure, the Eighth Amendment's protection against cruel and unusual punishment imposes a duty on prison officials to protect inmates in

their custody from violence. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, in order to successfully assert an Eighth Amendment claim for failure to protect, a plaintiff must show personal involvement or participation in the incident. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).[5] Here, Plaintiff only states that Defendants Samuel and Watts "failed to . . . protect me from this type of individual" and that the Defendants "allow[ed] this Defendant Gonzalez, to do as he pleases." (ECF Nos. 1:9-10; 1-1:4). But Mr. Staples does not allege that either Defendant had known Mr. Gonzalez, had acquiesced to the assault, or had any type of personal involvement with the alleged crime. Absent such allegations, the Court should dismiss Plaintiff's claim against Defendants Samuel and Watts for failure to protect.

## V.   CLAIMS AGAINST DEFENDANT GONZALEZ

Mr. Staples seeks to hold Defendant Gonzalez liable under the Eighth Amendment for sexually assaulting him while in the custody of the BOP at the Federal Transfer Center. (ECF Nos. 1:10-11, 1-1:3-4). Plaintiff sues Mr. Gonzalez in his individual and official capacity and seeks monetary and injunctive relief. (ECF No. 1:10-11, 1-1:2, 4-5). The Court should dismiss any claim against Mr. Gonzalez: (1) in his official capacity and (2) for injunctive relief.

First, as discussed, Mr. Staples may not maintain a *Bivens* action against Defendant Gonzalez in his official capacity. *See supra* p. 5. Accordingly, the Court should dismiss, with prejudice, any official capacity claim against Defendant Gonzalez.

---

[5] Although the inmate in *Mitchell* was seeking relief under § 1983, the requirement of personal participation is the same in a *Bivens* action. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675–76 (2009) ("the implied cause of action [under *Bivens*] is the federal analog to suits brought against state officials under 42 U.S.C. § 1983") (internal quotation omitted).

Second, a *Bivens* action is "an implied private action for *damages* against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 122 S.Ct. 515, 519 (2013) (emphasis added). The Tenth Circuit has held that *Bivens* suits are limited to damages, but equitable relief is available in the nature of injunction and/or mandamus under 28 U.S.C. §§ 1331 and/or 1361. *See Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231, 1236 (10th Cir. 2005). Accordingly, the Court should dismiss any individual capacity claim against Defendant Gonzalez which seeks injunctive relief.

What remains, therefore, is a claim against Defendant Gonzalez, in his individual capacity, seeking damages. Mr. Staples has alleged that on July 4, 2014, Defendant Gonzalez sexually assaulted him against his will while Plaintiff was in the custody of the BOP at the Federal Transfer Center. (ECF Nos. 1:11, 1-1:3-4). The Court should conclude that these allegations are sufficient to state a claim for violation of the Eighth Amendment and this sole claim should survive the screening process.

## VI. SUMMARY OF RECOMMENDATIONS

Upon preliminary review of Plaintiff's claims, the Court should: (1) dismiss, with prejudice, the claims against The United States of America, (2) dismiss, with prejudice, the official capacity claims against Defendants Samuel, Watts, and Gonzalez, (3) dismiss, without prejudice, the individual capacity claims against Defendants Samuel and Watts, (4) dismiss, without prejudice, any individual capacity claim against Defendant Gonzalez for injunctive relief, and (5) conclude that Plaintiff has stated a

valid claim against Defendant Gonzalez, in his individual capacity, limited to the recovery of damages.

## VII. NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **September 9, 2016**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VIII. STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned magistrate judge in the captioned matter.

ENTERED on August 23, 2016.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE