# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WILLIAM STAPLES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-711-D |
| THE UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff William Staples, a federal inmate appearing *pro se* and *in forma pauperis*, brings this action under *Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a violation of the Eighth Amendment during his stay at the Federal Transfer Center (FTC). (ECF No. 1). After screening the complaint, what remains is an individual capacity claim against Defendant Gonzalez, limited to the recovery of damages. (ECF Nos. 10 & 11). Currently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 22). For the reasons set forth below, it is recommended that Plaintiff's Motion for Default Judgment **(ECF No. 22)** be **DENIED**.

On October 20, 2016, and in accordance with the Federal Rules of Civil Procedure 4, the Court directed Plaintiff to serve Defendant Gonzalez with a copy of the Court's order, the complaint, and a summons. (ECF No. 12). Plaintiff attempted service on Defendant Gonzalez at the FTC, but on December 16, 2016, the summons was returned, unexecuted, with a notation that the FTC did not employ anyone with the last name Gonzalez. (ECF No. 16). Plaintiff then attempted service on Defendant Gonzalez via the

U.S. Attorney General's Office in Washington D.C., the Bureau of Prisons in Washington D.C., and the U.S. Attorney General's Office in Oklahoma City. *See* ECF Nos. 25-3. None of these avenues resulted in completion of service on Defendant Gonzalez, and as a result, on June 5, 2017, the Court ordered Mr. Staples to show cause as to why service had not been made, or risk dismissal of the complaint. (ECF No. 23).

In response to the show cause order, Mr. Staples states:

> the defendant was served personally under Fed. R. Civ. P. 4(e) and 4(m) by way of Fed. R. CJV. P. 4(l), that the service of the summons and complaint can be served on the defendant personally by: ". . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . ."

(ECF No. 24:2-3). According to Defendant, his three attempts at service were sufficient, because:

> he [had been] remanded [ ] to the DOJ, who then designated me to the Federal Bureau of Prisons who then hired staff members and in this civil action the defendant Gonzalez, so by the USMS serving the summons and complaint to the general counsel for the BOP, serving the summons and complaint to the Attorney General and serving the summons and complaint to the US Attorney for the Western District of Oklahoma who by the way will be representing and defending the defendant then the defendant has been personally served.

(ECF No. 24:3). The Court rejects Mr. Staples' argument. Although Mr. Staples relies on an alleged "agency" relationship between Defendant Gonzalez and the Bureau of Prisons and/or the U.S. Attorney General's Office, he has not pointed to any representations that would indicate the existence of an agency relationship between the parties. *See Fed. Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir. 1992) ("[P]laintiff has the burden . . . of establishing the validity of the service of process . . ." (citations omitted)); *Silverman v. Prisoner Transportation Servs. of Am., LLC (PTS)*, No. CIV-15-

2

1093-F, 2016 WL 3355334, at *4 (W.D. Okla. Apr. 26, 2016), *Report and Recommendation adopted sub nom. Silverman v. Prisoner Transportation Servs. of Am., LLC*, No. CIV-15-1093-F, 2016 WL 3352199 (W.D. Okla. June 15, 2016) (noting that the burden is on the Plaintiff to show that he completed service through an authorized agent); *Harper v. Woodward Cty. Bd. of Cty. Comm'rs*, No. CIV-11-0996-HE, 2014 WL 7399375, at *5 (W.D. Okla. Dec. 29, 2014) ("Plaintiff offers no information or authority to suggest that Donna Poston was an agent authorized by appointment or by law to receive service of process on behalf of Defendants[.]")[1]

In anticipation of the Court finding that service had not been properly effected, Plaintiff asks the Court to "issue an order for Ms. Deborah A. Locke [senior attorney for the FTC] to disclose whether the defendant has been transferred and to give the address of the location of his present federal position and if not still employed by the federal agents, then she can disclose this defendant's last known address to the court so that the court can forward the address to the USMS." (ECF No. 24:3).

Under circumstances where a plaintiff is in prison and is proceeding *pro se* and *in forma pauperis*, he may be entitled to assistance with service from court personnel and the United States Marshal. *See* 28 U.S.C. § 1915(d) and Fed. R. Civ. P (4)(c)(3). However, the Court finds that the U.S. Marshals Service completed its duty when it attempted to serve Defendant Gonzalez at the addresses Plaintiff provided, and the court "need not

---

[1] Although the return of service card for the U.S. Attorney General's Office noted that receptionist Amanda Sullivan had accepted service, this too is insufficient. *See Bierly v. Hirata,* 2009 WL 2916752, at *3 (D. Utah Sept. 8, 2009) *aff'd*, 368 F. App'x. 895 (10th Cir. 2010) (receptionist at the office of the Attorney General was not authorized to accept service for state defendants).

require the U.S. Marshal or the Clerk of the Court to search for the unserved defendants." *Williams v. Miller*, ECF No. 36, Case No. CIV-14-061-W (W.D. Okla. Jan. 6, 2015) (citation omitted).

Under somewhat similar circumstances, this Court has directed a *served Defendant*, Corrections Corporation of America (CCA), to provide a last known address for another named defendant, who had allegedly once been in defendant CCA's employ and against whom the plaintiff sought relief. *See Al-Fuyudi v. Corr. Corp. of Am., Inc.*, No. CIV-12-1170-D, 2016 WL 764144, at *2 (W.D. Okla. Jan. 26, 2016), *Report and Recommendation adopted sub nom. Al-Fuyudi v. Correction Corp. of Am.*, No. CIV-12-1170-D, 2016 WL 800194 (W.D. Okla. Feb. 26, 2016). But *Al-Fuyudi* is not controlling in the instant case, because Mr. Staples is requesting the Court to order a *non-party* employer (FTC) to disclose information about an allegedly former employee, Defendant Gonzalez. In *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 2876352, at *1 (D. Kan. Sept. 2, 2009), the District of Kansas denied a similar request. *See Leek*, at *1, n. 1 (noting the court's denial, without prejudice, of the plaintiff's request to order the Kansas Department of Corrections to provide the addresses to the court for service of allegedly former employees "since the KDOC was not a party to this action."). The Court finds the reasoning in *Leek* persuasive and denies Plaintiff's request to order Ms. Locke, or the FTC, to disclose any information they might have regarding Defendant Gonzalez' whereabouts or current address.

**On its own motion, the Court grants Mr. Staples an additional sixty days from the date of this Report and Recommendation to locate and serve Defendant Gonzalez.** The undersigned directs the Clerk of the Court to provide Plaintiff with an additional summons form. Upon request of the Plaintiff, the United States Marshal Service would be available to effect service at the address provided by the Plaintiff. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, proof of service is the Plaintiff's responsibility *See* Fed. R. Civ. P. 4(m). The failure to timely file proof of service could result in dismissal of the action.

Additionally, Plaintiff in his Motion for Default Judgment, argues that the Defendant had failed to file a Special Report in accordance with the Court's Order dated October 20, 2016. (ECF No. 22). But the Order for Special Report was contingent on completion of service on Defendant Gonzalez which has still not occurred. (ECF No. 12:2). Thus, the undersigned magistrate judge recommends that the Court deny Plaintiff's Motion for Default Judgment (ECF No. 22).

## RECOMMENDATION

It is recommended that the Court **DENY** Plaintiff's Motion for Default Judgment **(ECF No. 22)**.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 12, 2017**. *See* 28 U.S.C. § 636(b) (1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives

the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation does not terminate the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on September 25, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE