IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM STAPLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-711-D |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued September 25, 2017, by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Erwin recommends the denial of Plaintiff's Motion for Default Judgment because Defendant "Correctional Officer" Gonzalez has not been properly served with process. Judge Erwin also grants Plaintiff an additional 60 days to locate and serve Defendant Gonzalez. Judge Erwin previously determined upon initial screening, and the Court agreed, that the Complaint states a *Bivens*[1] claim only against Defendant Gonzales in his individual capacity. *See* 8/23/16 R&R [Doc. No. 10]; *see also* 9/21/16 Order [Doc. No. 11].

Plaintiff, who appears *pro se*, has filed a timely "Motion for Reconsideration That the Defendant Has Been Served With the Summons and Complaint" [Doc. No. 27]. In light of Plaintiff's *pro se* status, this filing is liberally construed as an objection to Judge

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Erwin's Report. The Court must make a de novo determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff concedes the United States Marshals Service unsuccessfully attempted to serve Defendant Gonzalez personally. Plaintiff contends that service on others – Deborah A. Locke, an attorney assigned to the Federal Transfer Center in Oklahoma City, Oklahoma (where Defendant Gonzalez worked), the Federal Bureau of Prisons, the Department of Justice, and the United States Attorney – should be sufficient. Plaintiff primarily argues that Ms. Locke is authorized by federal regulations to receive service for Defendant Gonzalez. Plaintiff is mistaken. This action is brought against Defendant Gonzalez in his individual capacity, and he must be personally served with process. *See* Fed. R. Civ. P. 4(i)(3). To date, such service has not been accomplished. The Court is aware of no federal regulation, and Plaintiff cites none, authorizing a federal agency or attorney to accept service on behalf of an individual.

Therefore, upon *de novo* consideration, the Court fully concurs in Judge Erwin's finding that Defendant Gonzalez has not been properly served and is not in default. Review of all other issues addressed in the Report is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 26] is ADOPTED. Plaintiff's Motion for Default [Doc. No. 22] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is granted an additional 60 days from the date of the Report and Recommendation, or until November 24, 2017, to locate and serve Defendant Gonzalez. The case remains under referral to Judge Erwin.

IT IS SO ORDERED this 18th day of October, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE