IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIAM STAPLES,                )
                                )
           Plaintiff,           )
                                )
v.                              )  Case No. CIV-16-711-D
                                )
UNITED STATES OF AMERICA,       )
*et al.*,                       )
                                )
           Defendants.          )

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 36], issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends the dismissal without prejudice of Plaintiff's civil rights action against Correctional Officer Gonzalez (hereafter "Defendant Gonzalez") pursuant to Fed. R. Civ. P. 4(m), based on findings that Plaintiff has not shown good cause for his failure to serve Defendant Gonzalez for more than a year and that a permissive extension of time for service is not warranted.

Plaintiff, a federal prisoner appearing *pro se*, has filed a timely written Objection [Doc. No. 37]. Plaintiff agrees with Judge Erwin's summary of the procedural history of the case, and although Plaintiff's position regarding prior attempts to serve Defendant Gonzalez is not entirely clear, the Court finds no basis for objection to Judge Erwin's statement that Defendant Gonzalez remains unserved. The Court has already determined

that Plaintiff's attempts were ineffective and "Defendant Gonzalez has not been properly served" with process. *See* 10/18/17 Order [Doc. No. 29] at 2.

Plaintiff explains in his Objection and an attached affidavit the extent of his efforts to determine the full name of Defendant Gonzalez and his current whereabouts, that is, a current place of employment within the Bureau of Prisons, a current employer, or a residence address. These have included contacts with the Federal Transfer Center where the alleged incident occurred, written requests to the Bureau of Prisons, including a Freedom of Information Act (FOIA) request, and requests for assistance from staff members at Plaintiff's current place of confinement. Plaintiff states these contacts and requests have drawn no response, except he has been informed that an answer to his FOIA request "will take up to nine months." *See* Obj. at 3. Plaintiff asks the Court to order "the Federal Bureau of Prisons and the Department of Justice . . . to reveal this staff member[']s full name and his whereabouts to the US Marshal so that this defendant can be found."[1] Plaintiff has previously filed in the case record a copy of his FOIA request to the Bureau of Prisons; his letter indicates that he is also unsure of the correct spelling of "Gonzalez" or "Gonzales." *See* Letter [Doc. No. 35].

The Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, or return the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1);

---

[1] Plaintiff also suggests that the United States Attorney or the Department of Justice could waive service of process on behalf of Defendant Gonzalez. However, Rule 4(d)(1) authorizes a waiver of service only by the individual defendant subject to service.

Fed. R. Civ. P. 72(b)(3). Liberally construing Plaintiff's *pro se* Objection, the Court understands that Plaintiff objects to Judge Erwin's findings that Plaintiff has not demonstrated "good cause" for a mandatory extension of time under Rule 4(m) and that a permissive extension of time is not warranted.

The legal framework for the Court's analysis of these issues is correctly stated by Judge Erwin in his Report. *See* R&R at 3-5. Upon *de novo* consideration, the Court reluctantly agrees that no further extensions of time for service should be granted.

Judge Erwin's finding that Plaintiff has not demonstrated "good cause" for the lack of service is based both on the length of time the case has been pending without service, and Plaintiff's inability thus far to determine the identity of Defendant Gonzalez or his current whereabouts. Plaintiff was first advised of the 90-day time limit for service by the Order Requiring Service and Special Report, which was issued on October 20, 2016.[2] Plaintiff's efforts to identify and locate Defendant Gonzalez have apparently been ongoing since Judge Erwin informed Plaintiff by Order of June 5, 2017, that his first attempts at service were ineffective. Judge Erwin and the undersigned judge have previously granted Plaintiff multiple extensions of time to serve Defendant Gonzalez. While the Court, like Judge Erwin, is sympathetic to Plaintiff's situation, his case cannot be put on hold indefinitely without any realistic hope for better success in the near future in identifying and locating Defendant Gonzalez (or even determining a correct spelling of his surname).

---

[2] The commencement of the 90-day period was postponed until that date. *See* Order Requiring Service [Doc. No. 12] at 4 n.1.

At this point, Plaintiff can no longer establish a diligent effort to comply with the time limit for service.[3]

Turning to consider a discretionary extension of time for service under Rule 4(m), Plaintiff's makes no objection to Judge Erwin's analysis of this issue. Nevertheless, the Court has reviewed the analysis and fully concurs in Judge Erwin's finding that a dismissal without prejudice is appropriate. Because this *Bivens* action was timely filed within the applicable statute of limitations, a dismissal without prejudice will not operate to bar a future filing; a refiled action is preserved by Oklahoma's savings statute, Okla. Stat. tit. 12, § 100. *See*, *e.g.*, *Roberts v. Barreras*, 484 F.3d 1236, 1242-43 (10th Cir. 2007) (applying state tolling statute in *Bivens* action). For the reasons stated by Judge Erwin, the Court finds that a further extension of time to effect service of process is unwarranted under the circumstances and that the action against Defendant Gonzalez should be dismissed without prejudice under Rule 4(m).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 36] is ADOPTED. This action is DISMISSED WITHOUT PREJUDICE as to all parties and claims.[4] A separate judgment of dismissal shall be entered.

---

[3] Further, were the Court to consider Plaintiff's informal request for judicial assistance, the Court is doubtful of its legal authority to order the Bureau of Prisons or the Department of Justice, which are not parties to this case, to assist Plaintiff in his effort to locate Defendant Gonzalez, or what such an order might accomplish since Defendant Gonzalez's identity remains unknown.

[4] Plaintiff's action against other defendants was previously dismissed by Order of September 21, 2016 [Doc. No. 11].

IT IS SO ORDERED this 16th day of March, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE